[Stamp: HAROLD BAER / U.S. DISTRICT JUDGE / S.D.N.Y.]

United States Attorney
Southern District of New York

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 15, 2008

[Stamp: USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: _____ / DATE FILED: 1/16/08]

**BY HAND**
Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: **United States v. Manokhin, Derevianko, & Tursunov**
      **07 Cr. 815 (HB)**

Dear Judge Baer:

  The Government respectfully submits this letter in response to defendant Vladimir Derevianko's January 14, 2008 letter, in which the defendant asks the Court to approve Raymond Levy as a co-signer for his bail package.

  This is now the defendant's third request before this Court to address the bail conditions set by Magistrate Judge Kevin N. Fox in August 2007. The defendant's previous two applications, which sought to modify his bail conditions, were denied by Your Honor. (See Hearing Transcript dated September 5, 2007, attached hereto as Exhibit A; and the Court's Endorsement Order dated December 11, 2007, attached hereto as Exhibit B).

  The Government opposes the defendant's third and latest request — for approval of Mr. Levy as a co-signer — because Mr. Levy does not possess sufficient moral suasion over the defendant to secure the bond.[1]

---

[1] A co-signer for a bail bond must be both "financially responsible" and exercise "moral suasion." See, e.g., United States v. Diaz, No. 98 Cr. 1434 (CSH), 1998 WL 915896, at *1-2 (S.D.N.Y. Dec. 30, 1998); see id. (requiring "moral suasion" such that the strength of the relationship between the co-signer and the defendant is sufficient to assure the defendant's presence in court); see also United States v. Martinez, 151 F.3d 68, 70 (2d Cir. 1998)(referring to the Government's interview of co-signers to assess their "financial qualifications" and "ability to

Honorable Harold Baer, Jr.
January 15, 2008
Page 2

On January 8, 2008, the Government interviewed Mr. Levy with defense counsel present. As an initial matter, this interview was conducted over the telephone because Mr. Levy lives in Baltimore, Maryland and currently has no reason to travel to the Tri-State area for personal or business reasons. Mr. Levy's lack of connections to this area raises concerns about his ability to ensure the defendant's appearance in court in New York City.

During the interview, Mr. Levy stated, "I don't know him [the defendant] personally," referring to Mr. Levy's lack of familiarity with the defendant. Indeed, Mr. Levy did not even know where the defendant resided or whether he had a job. Rather, Mr. Levy only recalled that he had met the defendant only twice for dinner in the summer of 2007, in Washington, D.C., while Mr. Levy was having dinner with a mutual friend,[2] and since then, Mr. Levy has never seen the defendant or any other contact with the defendant, such as telephone or email.

It is now over 5 months since the defendant was arrested (and many years since the defendant has been living in the United States), and Mr. Levy is only the latest in a series of potential co-signers who do not possess the type of qualifications to secure the defendant's appearance in court. This only reinforces the Government's viewpoint that the defendant is a serious risk of flight and that therefore no conditions can secure his appearance in court for the reasons set forth in Government's letters dated September 3, 2007, September 4, 2007, and December 3, 2007, as well as the reasons set forth the transcripts of the detention hearings held on August 6, 2007

---

exercise moral suasion over [the defendant], should he decide to flee"); United States v. Lair, No. 07 Cr. 1068 (CSH), 2007 WL 325766, at *4 (S.D.N.Y. Feb. 2, 2007) (referring to the two requirements of financial responsibility and "the related factor of moral suasion").

[2] The defendant reminds the Court that this mutual friend, Yevgenia Sevorjova, as well as three other individuals (Svetlana Onuchak, Laurence Spivak, and Harold Odia), remains willing to co-sign for the defendant. (Defendant's Letter at 3). However, all four of these individuals have already been presented to the Court, and none of them were approved as co-signers. (See Exhibit A at 4-6, 9-15 (regarding Sevorjova, Onuchak, Spivak); and Exhibit B at 2-3, 5 (regarding Sevorjova, Onuchak, Spivak and Odia)). Indeed, the Government has never even been asked to interview Odia.

and on September 5, 2007.³ See also Exhibit A at 15 (Court: "I have continuing concerns as well about the fact that there are really more roots in Russia or a Republic thereof or from . . . added to which is my concern, I must say, that if he's been here for ten years and your people are the best he's been able to come up with, that gives me some pause too"); and Exhibit B at 5-6 (Court: "The defendant is not a citizen of the U.S. [H]e has made no friends that care enough to put up — or have enough to put up significant bail — worse yet all his 'friends' and family is in Russia or the Baltic countries").

However, to the extent that the Court orders that Mr. Levy be approved as a co-signer, the Government respectfully requests that the defendant remain detained until he satisfies all conditions of bail that the Court imposes, including the receipt of the requisite cash and documentation for property.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____ MF /s/ _____
Michael Farbiarz/Iris Lan
Assistant United States Attorneys
(212) 637-_____

cc: Robert Soloway, Esq.

[Handwritten annotation by Judge Harold Baer, Jr., dated 1/16/08: new application addresses a few of the mix. Importantly, Govt knows the D lives to the mix. Government points out & Defendant's asserr[?] — I would agree has no good reason to serve — ie those conditions along with acceptable sureties ie meeting of other conditions to the Government & the bond amount in itself ie from reduce my cash bond from $150,000 to $75,000. For now, the motion is denied. Harold Baer Jr. 1/16/08]

───────────────────────
³ The Government's December 3, 2007 letter already enclosed as exhibits the Government's September letters and the transcript of the August 6, 2007 detention hearing. Accordingly, the Government does not attach these documents here. However, if the Court wishes to see these letters, please let us know, and we will provide them immediately.

Endorsement:

    I've read this new application adding a Mr. Levy to the mix. Unfortunately as the government points out he hardly knows the defendant and has no "moral suasion" over him.  I will along with acceptable sureties, i.e., those agreeable to the government and the meeting of other conditions reduce my cash bond amount in half, i.e., from $150,000 to $75,000.  For now the motion is denied.