# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP
### Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN

Tel: (212) 571-5500
Fax: (212) 571-5507

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

February 13, 2008

BY HAND

Hon. Harold Baer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
FEB 14 2008
_____ BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

      Re: USA v. Derevianko
          07 Cr. 815 (HB)

Dear Judge Baer:

    Further once again to the issue of bail, I write to seek a clarification of the current conditions of bail, and to determine whether -- in the view of the Court -- a combination of conditions exist which Mr. Derevianko is able to satisfy.[1]

### PRIOR RELEVANT PROCEEDINGS

    Mr. Derevianko has now raised close to $75,000.00, and expects to reach that amount shortly. On September 5, 2007, the Court sustained the government's position that prospective co-signers Yevgenia Sevorjova and Svetlana Onuchak were financially unqualified to act as suretors with respect to the $250,000.00 personal recognizance bond set by Magistrate Fox. Your Honor stated, "If you could get me $150,000 in cash, I would gladly take the money ... " (9/5/07 hrg. at p. 2) A copy of the relevant page of the transcript is enclosed for the convenience of the Court.

---

[1] The bail conditions set by Magistrate Fox on August 6, 2007, called for execution of a $250,000 personal recognizance bond to be co-signed by one financially responsible person and supported by $7,500.00 in cash. As set forth herein, your Honor has ruled on bail three times since the hearing before Magistrate Fox.

Hon. Harold Baer
February 13, 2008
Page Two

  Following the September 5 hearing, I submitted a letter dated November 26, 2007 proffering that the defendant had been able to raise $1,500.00, and putting forward Mr. Harold Odia and Laurence Spivak, Esq. as prospective co-signers. Without a hearing, your Honor denied the application stating, among other things, "your client represents a bail risk and a risk that I am not ready to take and to the effect that he won't 'show up' for trial." (See, Court's endorsement, dated December 11, 2007, a copy of which is enclosed.)

  Finally, by letter dated January 14, 2008, the defense put forward Mr. Raymond Levy, a homeowner and business owner residing in Deale, Maryland, as a prospective suretor. Mr. Levy, too, was rejected by the government after a telephone interview on the basis that he was unable to exert sufficient moral suasion over the defendant. Despite the presentation of legal authorities providing a legal basis for approving Mr. Levy in my January 14 letter, your Honor agreed with the government's position, stating:

> I've read this new application adding a Mr. Levy to the mix. Unfortunately as the government points out he hardly knows the defendant has no 'moral suasion' over him. I will along with acceptable sureties, i.e., those agreeable to the government and the meeting of other conditions reduce my cash bond amount in half, i.e., from $150,000 to $75,000. For now the motion is denied.

A copy of the Court's endorsement to the January 14 letter is

---

[2] AUSA Michael Farbiarz personally interviewed Mr. Odia on January 14, 2008. While possessing a steady job as a supervisor at a private security company, owning two homes, one in Irvington, New Jersey and one in the Bronx, and relating his close personal relationship with Mr. Derevianko spanning five years, Mr. Odia also disclosed that beginning in July, 2007, he has become embroiled in a domestic dispute with his wife which has led to his arrest on four occasions; once for misdemeanor assault and then on three subsequent occasions for violation of Orders of Protection requiring him not to contact his wife. While these matters are still pending and Mr. Odia currently has no criminal record, the government rejected Mr. Odia on the basis of these arrests. This letter takes no issue with the government's position as to Mr. Odia.

enclosed.

## CURRENT BAIL CONDITIONS
## STATUS OF EFFORTS TO MEET CONDITIONS

Mr. Derevianko has now raised close to the $75,000.00 set by the Court as the cash amount required. It is not clear to the defendant, however, what the precise conditions of bail are. The bail conditions started out in August, 2007 calling for the defendant to raise $7,500.00 and to secure one financially responsible person to co-sign a $250,000.00 bond. Your Honor indicated on September 5 that the defendant needed to raise more money in order for the Court to entertain an application for his release. He has now raised close to the amount of money identified in the Court's January 16, 2008 endorsement and expects to have the full amount within a short time.

Has the amount of the bond been lowered in light of the dramatically higher cash requirement than that originally set by Magistrate Fox? It is respectfully submitted that the amount of the surety bond should be substantially lower. A lower bond requirement may permit other potential co-signers to qualify, or those already rejected to re-apply and be approved.

Accordingly, it is respectfully requested that the Court issue a clarification of the current status of the bail conditions, and it is further respectfully requested, for the reasons set forth exhaustively in the defendant's three previous submissions, that the Court fashion a condition or combination of conditions which the defendant is able to satisfy. All of the co-signers already put forward remain willing and ready to co-sign on Mr. Derevianko's behalf. Moreover, they are also ready to testify at a hearing as to their qualifications should the Court believe questions of fact exist which could be resolved by a hearing.

As always, without minimizing the seriousness of the charges in this matter, but also with due regard to the limited amount of exposure to imprisonment which Mr. Derevianko is facing, a condition or combination of bail conditions should be achievable -- given the $75,000.00 that the defendant has raised -- which will permit the defendant to post bail in this matter and to be at liberty to defend this matter, even if such posting is over the objection of government.

Hon. Harold Baer
February 13, 2008
Page Four

    Thank you for your continued attention to this matter.

                                             Sincerely,

                                             Robert A. Soloway

cc: AUSA Michael E. Farbiarz

*[Handwritten annotation by Judge Baer:]*

In response to your enquiry I am supplying the following conditions:

1) If you and the AUSA believe a hearing would be helpful I'll gladly hold one, I don't remember even raising the issue — so that ball is in your court.

2) I will reduce the bond in half as I have the cash bail to 125000.00.

3) The other conditions exist include home confinement, surrender of passport (if not already done) and the PTS conditions for those men & women they supervise — I think its PTS you might check — could be probation but it requires frequent reporting etc etc —

4) Not leaving the SDNY w/o permission from PTS or probation and no [...].

5) More information on the surety.

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
2/22/08

Endorsement:

   In response to your inquiries I am supplying the following conditions:

   1. If you and the UASA believe a hearing would be helpful I'll gladly hold one, I don't remember ever raising the issue so that ball is in your court.

   2. I will reduce the bond in half as I have the cash bail to $125,000.

   3. The other conditions will include home confinement, surrender of passport (if not already done) and the PTS conditions for those men and women they supervise. I think its PTS you might check could be probation but it requires frequent reporting, etc., etc.

   4. Not leaving the SDNY without permission from PTS or probation and me.

   5. More information on the sureties.