LAW OFFICE OF
JESSE M. SIEGEL
251 East 61st Street
New York, New York 10021
Tel (212) 207-9009 Fax (212) 486-7701

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/2/08

March 31, 2008




**By Hand**

Hon. Harold Baer, District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

*United States v. Vladimir Derevianko*, 07 Cr. 815 (HB).

Dear Judge Baer:

We write on behalf of our client, Vladimir Derevianko, to request the Court approve his friend, Harold Odia, as a surety for his personal recognizance bond ("PRB") over the government's objection, and modify the amount and type of property required to secure the PRB, by allowing him to post as security $35,000.00 in cash and about $160,000.00 in equity in two houses owned by friends, rather than $75,000.00 in cash, as currently required. The government also objects to this modification.

On March 10, 2008, Mr. Derevianko pled guilty before Magistrate Judge Dolinger to one count of conspiring to obtain visas to enter the United States fraudulently, by using false documents, in violation of Title 18, United States Code, section 1546(a). Mr. Derevianko pled guilty pursuant to a plea agreement with the government in which the parties stipulated his recommended sentencing guidelines range is 10 to 16 months, but reserved the right to request a non-guidelines sentence from the Court. Section 1546(a) carries a five-year maximum sentence.

Mr. Derevianko has been incarcerated since August 6, 2007, or almost eight months. His current bail conditions call for him to execute a PRB of $125,000.00, with one co-signer, and post $75,000.00 to secure the bond.

**Harold Odia.**

As the Court may recall from a letter from Mr. Derevianko's prior counsel, Robert Soloway, dated November 26, 2007, Mr. Odia has been employed as a security guard by Harvard Protective Services for over six years. He and Mr. Derevianko have been friends for about five years. Moreover, as discussed below, Mr. Odia is willing to post a house he owns and lives in as security for the PRB.

I have spoken with A.U.S.A. Michael Farbiarz, who agrees Mr. Odia has a close enough relationship with Mr. Derevianko to exert "moral suasion" over him, and is a "financially-responsible person." Nonetheless, the government objects to having Mr. Odia sign the PRB for two reasons: 1) that since July, 2007, Mr. Odia has been arrested four times in a series of related incidents involving his wife; and 2) that Mr. Derevianko has not been able to secure other, more acceptable, signers despite having lived in the United States for many years. We submit neither reason justifies failing to approve Mr. Odia as a signer.

To begin, we are not aware of any provision of law that disqualifies even someone with an actual criminal record from signing a PRB, much less someone, like Mr. Odia, with no criminal record, but only pending cases.

Further, an examination of the actual charges shows there is nothing in this particular situation that should give the Court any concern about approving Mr. Odia. All of the charges against him are related; they consist of an initial complaint by his wife, and then three violations of orders of protection. Moreover, two have now been resolved without Mr. Odia receiving a criminal conviction.

We are attaching copies of the complaints in all four cases. As you can see, in the underlying case, Bronx County docket number 2007BX047057, Mr. Odia is charged with a misdemeanor assault and harassment as a violation as the result of an incident on July 23, 2007 involving his wife, as well as the misdemeanor of endangering the welfare of a child, because his daughter was present during the incident. This case is still pending.

In New York County docket number 2007NY068387, Mr. Odia was charged with the misdemeanor of criminal contempt in the second degree. The complaint alleged he violated an order of protection on August 8, 2007, by calling his wife on the telephone, although he didn't actually speak with her; rather, his wife recognized his telephone number, apparently from caller ID. This case was dismissed.

In New York County docket number 2007NY087770, Mr. Odia was charged with two misdemeanor counts of criminal contempt in the second degree for a single telephone call to his wife on November 7, 2007, in violation of two orders of protection. This case was resolved when Mr. Odia pled guilty to disorderly conduct, a violation and not a crime.

Finally, in Bronx County docket number 2007BX074741, Mr. Odia is charged with criminal contempt in the second degree and harassment for a confrontation that occurred in the Bronx courthouse on December 12, 2007. He allegedly followed his wife, grabbed and shook her, while stating he wanted to talk to her and asking her if she didn't feel pity for him for getting fired from his job (he is currently working). This case is also still pending. While Mr. Odia could theoretically receive up to a year in jail on each of his two pending cases, the prosecutor has offered a plea bargain of 30 days to cover both.

Obviously, Mr. Odia is involved in a difficult and emotional situation with his wife, made that much worse because the two have a child. We do not intend to minimize his conduct. Nonetheless, the incidents happened in a period of less than five months, constitute at most misdemeanors, are related, and stand out in what is otherwise a law-abiding and hard-working life. Given that Mr. Odia is, as the government admits, both close enough to Mr. Derevianko to exert "moral suasion" over him and a "financially-responsible" person, there is nothing in these incidents that prevent him from being an appropriate surety.

Finally, to address the government's second point, since Mr. Odia is an appropriate individual to sign Mr. Derevianko's PRB, we do not see how this is undercut by the fact that Mr. Derevianko has not been able to produce other signers acceptable to the government.

**Modification of bail.**

Under the bail conditions currently set, Mr. Derevianko is required to post $75,000.00 as security for a $125,000.00 PRB. We ask that he be allowed, instead, to post as security $35,000.00 in cash and equity of over $160,000.00 in two houses owned by friends. Specifically, his friend Harold Odia owns and lives in a house located at1305 Shakespeare Avenue, in the Bronx, with an appraised value of $470,000. Mr. Odia owes approximately $400,000.00 on his mortgage, giving him equity of about $70,000.00.

Mr. Derevianko's friend Raymond Levy owns and lives in a house located at 613 Park Plaza in Deale, MD, with an appraised value of $288,000.00. Mr. Levy owes approximately $192,000.00 on his mortgage, giving him equity of about $96,000.00 in his home.

We are aware the Court has previously indicated Mr. Levy is not close enough to Mr. Derevianko to exert moral suasion over him. However, we respectfully submit this is belied by Mr. Levy's willingness to post his home as security for a PRB for Mr. Derevianko. In any event, Mr. Levy's home should not even be necessary as security; the amount of equity Mr. Odia has in his home, $70,000.00, by itself provides more security than the $40,000.00 reduction in cash we have requested.

**Conclusion.**

Mr. Derevianko has already served almost eight months in a case in which he and the government agree his recommended sentencing guidelines range is 10 to 16 months. We respectfully submit he presents almost no flight risk under these circumstances, and that the bail conditions requested will ensure he returns to be sentenced.

Very truly yours,

[signature]

Jesse M. Siegel

cc. A.U.S.A. Michael Farbiarz

Since your client has already pled guilty the only [illegible] appropriate way to ensure this is by an expedited sentence. I will arrange one for [illegible] case. [illegible] if you agree - please set it for your [illegible] today or tomorrow & if that's [illegible] with me [illegible]

SO ORDERED:

[signature]

Harold Baer, Jr., U.S.D.J.

Date: 4/1/08

Endorsement:

Since your client has already pled guilty the appropriate way to resolve this is by an expedited sentence. I will arrange this for early May if you agree - please let me know today or tomorrow and if that's OK everyone will be better served.