LAW OFFICE OF
JESSE M. SIEGEL
251 East 61st Street
New York, New York 10065

Tel (212) 207-9009                                                                                        Fax (212) 486-7701



April 8, 2008

Hon Harold Baer, District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

                      Re: *United States v. Vladimir Derevianko*, 07 Cr. 815 (HB).

Dear Judge Baer:

       We write on behalf of our client, Vladimir Derevianko, to supplement our letter to the Court of April 7, 2008. In that letter, we requested the Court reconsider its order of April 2nd with respect to bail to allow Mr. Derevianko to attend to his mother Lydia Derevianko's immediate medical and housing needs, under conditions we respectfully submit will ensure he returns to court.

       This afternoon, an associate in my office, Arun G. Ravindran, had a lengthy conversation about Mrs. Derevianko's health with both Alexandra Tokarskaya, a social worker at a senior care center she attends, Adult Health Service in Nutley, NJ, who has been assigned to Mrs. Derevianko since late 2007, and Mrs. Derevianko herself.

       Mrs. Derevinako is 69 years-old. Two weeks ago, she lost consciousness. Since then, she has lost consciousness two more times, the most recent incident occurring Sunday, April 6th, when she was at home alone. She fell, hitting her head on the bedroom floor. Ms. Tokarskaya confirmed that Ms. Derevianko has a large bruise on her forehead. Most troubling, and contrary to what we stated in our previous letter, Mrs. Derevianko told us she did not see a doctor for this problem because she does not speak English, had no one to help her, and was too afraid to go to the hospital by herself. She reported that, prior to losing consciousness, she was dizzy and disoriented for several hours. She has since been advised by her social worker that she must seek medical attention the next time she experiences these symptoms. Mrs. Derevianko is, understandably, extremely fearful of losing consciousness while alone again.

In our previous letter, we stated Mrs. Derevianko does not receive care at home. We have since learned, from our conversation with Ms. Tokarskaya, that Mrs. Derevianko does in fact receive home health care fifteen hours per week through Medicaid. Ms. Tokarskaya, however, does not believe this amount of care is adequate. Ms. Tokarskaya says Mrs. Derevianko suffers from Alzheimer's disease and her condition is worsening. She is become increasingly forgetful. Ms. Tokarskaya reports that Mrs. Derevianko is already forgetting to take her medicines. Weekday afternoons, Mrs. Derevianko attends the senior care center, but Ms. Tokarskaya believes Mrs. Derevianko is not receiving enough care, given her advancing Alzheimer's and her episodic loss of consciousness.

Ms. Tokarskaya and Mrs. Derevianko's physician have applied for an additional hour of home health care per week for Mrs. Derevianko, but Ms. Tokarskaya says Mrs. Derevianko needs much more assistance. For example, she says it is becoming very difficult for Mrs. Derevianko to attend the senior care program because she has significant difficulty getting to the senior care bus in the morning without assistance. Mrs. Derevianko tells us her only income is $400 in SSI benefits that she receives monthly. It would be impossible for Mrs. Derevianko to purchase more home health care for those hours when she is unassisted.

Making Mrs. Derevianko's situation worse is that she is now in danger of being evicted. Previously during his incarceration, her rent was paid by a friend of Mr. Derevianko, but he is no longer willing to do so. We confirmed with Mrs. Derevianko that her rent for April has not yet been paid.

As the Court is aware, Mr. Derevianko lived with and cared for his mother until his incarceration. While we appreciate that an expedited sentence may result in his release from jail in only a few months, her needs are immediate and critical. We respectfully ask that in light of his mother's deteriorating health, the Court reconsider the denial of our previous request concerning his bail conditions.

Very truly yours,

Jesse M. Siegel

cc. A.U.S.A. Michael Farbiarz
(By email: michael.farbiarz@usdoj.gov)

*[Handwritten note by Judge Harold Baer:]* For all the denial reasons in my earlier order and with less than a month left before sentencing this request subject to denying by the AUSA — only if a different filing is May 6 — and only as I understand it, it would come on your date w/ probation. Harold Baer 4/9/08

Endorsement:

    For all the reasons referred to in earlier denials and with less than a month left I'm denying this request subject to a different view by the AUSA. Sentencing as I understand it is May 8 and if you keep your date with probation it will come off on time.